UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LETICIA GALLARZO,

Defendant.

No. 1:23-CR-118

Hon. Paul L. Maloney

**DEFENDANT'S SENTENCING MEMORANDUM**

Introduction

Counsel for Leticia Gallarzo submits the following sentencing memorandum, including objections to the presentence investigation report (PIR), in advance of the sentencing hearing scheduled for July 23, 2024. Counsel notes that she has had no contact with Ms. Gallarzo since January 2024, which hamstrings counsel in her presentation to the Court. Counsel requests the ability to supplement these materials in the future pending her ability to discuss matters with Ms. Gallarzo.

The PIR scores the guidelines at 33 to 41 months imprisonment on Count 3 to be consecutive to the 2-year mandatory term for Count 2. PIR, RE45, PageID197. Counsel has lodged two objections to the guideline scoring on Ms. Gallarzo's behalf, detailed below. If the Court were to sustain either or both objections, the guideline range would be lower. In addition, the PIR recommends at 10-month upward departure from the top of the advisory guideline range on Count 3 to 51 months because of Ms. Gallarzo's past convictions for nearly identical offense behavior and

for allegedly committing the same type of offense pending sentencing in this case. *Id.* at PageID192-197.

By this memorandum, we ask the Court to grant our two guideline objections and sentence Ms. Gallarzo within the newly calculated advisory guideline range.

PIR Objections

*U.S.S.G. § 3E1.1 – Acceptance of Responsibility*

Ms. Gallarzo agreed to a Felony Information and pled guilty. This was timely acceptance of responsibility. We understand that there are new allegations of criminal conduct while on bond but note that Ms. Gallarzo has received a 2-level increase for Obstruction of Justice under U.S.S.G § 3C1.1, to which we have not objected, to account for this conduct. We ask the Court to apply the § 3E1.1 reduction.

*U.S.S.G. § 2B1.1(b)(16)(A) – Reckless Risk of Injury Enhancement*

For purposes of applying this enhancement, "serious bodily injury" is defined as "involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1, Note 1(L). In a fraud case, the enhancement only applies if the risk of serious bodily injury is part and parcel of the scheme to defraud. *United States v. Hall*, 71 F.3d 569, 571 (6th Cir. 1995). The reckless risk must be actual, not conjectural. *United States v. Sosa-Baladron*, 800 Fed. Appx. 313 (6th Cir. 2020). While Ms. Gallarzo was not a registered nurse, she has had formal training as a medical assistant and as a nurse, as well as years of on-the-job experience in the medical field. PIR, RE45, ¶¶ 106-108, 126. PageID183, 186. She cares about patients and did not put them in any danger. No

one was ever actually hurt in any way, much less in any serious way, and Ms. Gallarzo was confident that she could safely care for and treat the residents due to her background and experience. Any risk, under the circumstances, is speculative rather than actual. This enhancement should not apply.

Response to Recommendation for Upward Variance

The PIR requests an upward variance because Ms. Gallarzo has had previous convictions for highly similar activity and because she allegedly committed a new, similar offense while on bond. We believe that the guidelines adequately reflect these concerns and ask the Court for a guideline sentence. The guidelines account for her past similar convictions by scoring them toward her criminal history category, accounting for 6 of her 9 criminal history points. PIR, RE45, ¶¶ 68, 69, 70, PageID173-175. All of her prior similar offenses score points under the guidelines. The guidelines also account for the new alleged criminal conduct due to the Obstruction of Justice enhancement under § 3C1.1 and, as currently scored, due to the denial of the Acceptance of Responsibility reduction under § 3E1.1. We understand that the history is concerning, as is the alleged new criminal conduct, but believe the Court has plenty of room to impose a sufficient sentence that is not greater than necessary with the 31 to 41-month guideline range that must be consecutive to the 2-year mandatory term.

While it has been months since counsel spoke with Ms. Gallarzo, counsel was very aware that Ms. Gallarzo was struggling mightily with severe symptoms of depression, anxiety and insomnia during the pendency of the case. PIR, RE45, ¶ 101, PageID182. Ms. Gallarzo was trying to work through this with a therapist at Arbor

Circle and she was also taking medication, but she continued to have a difficult time and counsel could see that she felt hopeless. *Id.* at ¶¶ 99-100, PageID182. The reality is that Ms. Gallarzo has never really recovered from the death of her adult son, Adolfo, in 2020. *Id.*, ¶¶ 83, 95, PageID178, 181. Making matters worse and more difficult for her, she was in an abusive and non-supportive marriage, and generally lost all support from friends and family other than her children and grandchildren because of the repeated criminal conduct. *Id.*, ¶¶ 86, 88, PageID179.

Counsel previously represented Ms. Gallarzo when Ms. Gallarzo came before the Court for violations of supervised release in 2021, shortly after the death of Adolfo. PIR, RE45, ¶ 70, PageID173-174. Counsel has no problem telling the Court that Ms. Gallarzo presents to counsel as a genuinely warm and kind person, who is smart and competent and seems to sincerely wish that she could do the right thing. But she has not been able to do the right thing, at least not for very long, and that has frustrated her, confused her, and made her loathe herself. Ms. Gallarzo has also presented to counsel during this current representation as even more fragile, vulnerable, sad, anxious and desperate than she did back in 2021.

Counsel would request that the Court make recommendations to the Bureau of Prisons (BOP) that during her prison sentence, Ms. Gallarzo receive mental health evaluations and treatment designed to address her diagnosed mental health conditions, feelings of isolation, poor decision-making, impulsivity and low self-esteem. Counsel would also ask the Court to make recommendations to the BOP that Ms. Gallarzo be afforded the opportunity to learn a trade. Ms. Gallarzo has mentioned to counsel in the past that she would like to learn cosmetology.

Somewhere between low-wage factory work and working in the medical field when she is not authorized, counsel's hope is that Ms. Gallarzo can find a sweet spot with her employment that boosts her morale, gives her the pride and confidence she has longed for and allows her to provide for herself and family

Respectfully Submitted,

Date: July 9, 2024

WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant Gallarzo

s/ Britt M. Cobb

Britt M. Cobb (P69556)

300 Ottawa Avenue, N.W., Suite 810
Grand Rapids, Michigan 49503
(616) 458-2212
bmc@willeychamberlain.com