UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>LETICIA GALLARZO,<br>Defendant. | No. 1:23-cr-118<br><br>Honorable Paul L. Maloney |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter comes before the Court on Defendant's motion for modification of her sentence. (ECF No. 74). However, Defendant appealed her sentence, and that appeal is still pending before the Sixth Circuit. (*See* ECF No. 69).[1] The Court must then assess whether it has jurisdiction to consider Defendant's instant motion.

"Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals." *Manrique v. United States*, 581 U.S. 116, 120 (2017). When a party files a notice of appeal, the district court loses jurisdiction over "those aspects of the case involved in the appeal" and the court of appeals gains it, leaving the district court able only to act on a narrow range of issues "in aid of the appeal." *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019). "A pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release." *United States v. Walls*, 455 F. Supp. 3d 461, 463-64 (E.D. Mich. 2020) (citing *United States v. Martin*, No. 18-CR-834-7, 2020 WL 1819961, at *1-2 (S.D.N.Y. Apr. 10, 2020)).

[1] The Court notes that on the standard form Defendant filled out, she checked "No" under the question "Have you filed an appeal in your case?" despite the pendency of her appeal. (ECF No. 74 at PageID.382).

The Court finds the reasoning of *Walls* persuasive and thus finds that it lacks jurisdiction to consider Defendant's present motion for a sentence reduction. Acting on Defendant's present motion while her appeal is still pending "risks inconsistent rulings from this Court and the Sixth Circuit." *Walls*, 455 F. Supp. 3d at 464. Defendant's notice of appeal granted jurisdiction to the Sixth Circuit to consider issues relevant to her sentencing and deprived this Court of it. Because the present motion raises issues which would impact an appeal currently pending before the Sixth Circuit, the Court lacks jurisdiction to rule on it.

Defendant also requested appointed counsel. Defendants have no constitutional or statutory right to counsel in seeking a reduced sentence under the applicable statute. *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). Given the current procedural posture, the Court finds that there are no close issues meriting the appointment of counsel.

The motion (ECF No. 74) is thus **DENIED WITHOUT PREJUDICE.** Defendant filed a motion to modify her sentence one month ago, and the Court denied it without prejudice for the same reason. (ECF Nos. 72, 73). The Court cautions Defendant that any refiled or new motions to modify her sentence, so long as her appeal is pending, will likely meet the same outcome.

**IT IS SO ORDERED.**

Date: July 16, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge